MACHELLE J. NEIDITZ ET AL. *v.* HOUSING AUTHORITY
OF THE CITY OF HARTFORD
(15065)

CALLAHAN, NORCOTT, KATZ, PALMER and M. HENNESSEY, Js.

Argued November 30, 1994—decision released January 10, 1995

---

*Rudolph P. Arnold,* with whom were *Raul A. Rodriguez* and, on the brief, *W. Herbert Reckmeyer,* for the appellant-appellee (defendant).

*Mark A. Rosenblum,* with whom were *Jerome E. Caplan* and, on the brief, *Michele C. Lukban,* for the appellees-appellants (plaintiffs).

PER CURIAM. This appeal challenges the trial court's judgment awarding damages to the plaintiffs, Machelle J., Herman L. and Janice L. Neiditz, for the breach of a ten year written lease entered into between the plaintiffs and the defendant Hartford Housing Authority. The plaintiffs brought an action against the defendant to recover lost rents, other damages and counsel fees when the defendant vacated the leased premises and refused to pay the agreed rent after the first month of the lease. The warehouse type structure that was the subject of the lease had been rented by the defendant for the purpose of parking its light vehicles and for storage. The defendant argued that it had no liability under the lease because the leased premises were not suitable for its purposes and the plaintiffs had misrepresented the suitability of the premises.

The trial court found that the agreement of the parties had been integrated into the written lease, that the lease made no representations as to suitability and that the premises had been let "as is." The court also ruled that the defendant could not vary the terms of the written lease by parol evidence. The court concluded that the defendant had broken the lease and rendered judgment for the plaintiffs in the amount of $187,664, plus attorney's fees in the amount of $28,000. The defendant appealed and the plaintiffs cross appealed from the judgment of the trial court to the Appellate Court, and we transferred the matter to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

On appeal, the defendant claims that the trial court incorrectly: (1) ruled that the doctrine of good faith and fair dealing had no application; (2) failed to recognize that a mistake prevents a contract from being an integrated document; (3) concluded that the agreement of the parties was memorialized in an integrated contract; (4) found that the plaintiffs had proven their damages; and (5) abused its discretion when, at the conclusion of the trial, it allowed the plaintiffs to file a third amended complaint to include a demand for relief. The plaintiffs cross appealed claiming that the trial court had abused its discretion in denying their motion for reconsideration of its denial of prejudgment interest.

A thorough review of the record and the briefs and arguments of the parties on this appeal persuades us that the judgment of the trial court should be affirmed. Our examination of the record reveals that the facts found by the trial court had a firm foundation in the evidence and that its conclusions were legally and logically correct. See *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). Furthermore, the trial court's memorandum of decision fully states and meets the arguments raised by the defendant in the present appeal. We therefore adopt the court's comprehensive and well reasoned decision as a correct statement of the facts and applicable law on the issues encompassed by it. *Neiditz* v. *Housing Authority*, 43 Conn. Sup. 283, 654 A.2d 812 (1994). It would serve no useful purpose or add anything noteworthy for us to repeat the discussion therein contained. *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 380–81, 650 A.2d 540 (1994); *Van Dyck Printing Co.* v. *DiNicola*, 231 Conn. 272, 273–74, 648 A.2d 877 (1994); *Connecticut Resources Recovery Authority* v. *Refuse Gardens*, 229 Conn. 455, 458–59,

642 A.2d 697 (1994); *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor*, 225 Conn. 99, 101–102, 622 A.2d 518 (1993).

The only issue on appeal not addressed in the trial court's memorandum of decision is the defendant's claim on appeal that the court abused its discretion when, at the conclusion of the trial, it allowed the plaintiff to amend its amended complaint to add a claim for relief. We therefore address that issue.

In permitting the amendment, the trial court found that the omission had caused no prejudice to the defendant and that it was "a technicality in the true sense of the word . . . ." The demand for relief apparently had been inadvertently omitted, since the plaintiffs' previous complaints had contained such a demand. The court therefore permitted the amendment. The decision was a proper exercise of its discretion. "A trial court has wide discretion in granting or denying amendments to the pleadings and only rarely will this court overturn the decision of the trial court. *Citizens National Bank* v. *Hubney*, 182 Conn. 310, 312–13, 438 A.2d 430 (1980)." *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 67, 485 A.2d 1296 (1985). "To reverse a ruling of the trial court allowing an amendment to the pleadings requires that the defendant make a 'clear showing of abuse of discretion.' *Saphir* v. *Neustadt*, 177 Conn. 191, 206, 413 A.2d 843 (1979)." *Carchrae* v. *Carchrae*, 10 Conn. App. 566, 569, 524 A.2d 672 (1987); see also *Kelley* v. *Bonney*, 221 Conn. 549, 591, 606 A.2d 693 (1992). No such showing has been made and, therefore, there is no merit to this claim of the defendant.

The trial court in its memorandum of decision did not award the plaintiffs prejudgment interest on their recovery. After the court had issued its decision, the plaintiffs filed a motion requesting that the trial court

reconsider and award them prejudgment interest. In a subsequent articulation, the trial court, on equitable grounds,[1] refused to reconsider and denied the plaintiffs' motion. "The allowance of prejudgment interest as an element of damages is an equitable determination and a matter within the discretion of the trial court. *H.B. Toms Tree Surgery, Inc.* v. *Brant*, 187 Conn. 343, 348, 446 A.2d 1 (1982); *Cecio Brothers, Inc.* v. *Feldman*, 161 Conn. 265, 275, 287 A.2d 374 (1971)." *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 321, 541 A.2d 858 (1988); see also *O'Hara* v. *State*, 218 Conn. 628, 644, 590 A.2d 948 (1991); *Metcalfe* v. *Talarski*, 213 Conn. 145, 160, 567 A.2d 1148 (1989). Our review of the record fails to demonstrate an abuse of the trial court's discretion.

The judgment is affirmed.

---

[1] In arriving at its decision, the trial court considered, inter alia, that the defendant is a nonprofit provider of low income housing.