KENNA D. BROWN *v.* WILLIAM B. BROWN
(12588)

O'CONNELL, HEIMAN and SPEAR, Js.

Argued November 28, 1994—decision released January 17, 1995

*Kenna I. Daly,* pro se, the appellant (plaintiff).

*C. Ian McLachlan,* with whom, on the brief were *William H. Narwold* and *Laura W. Ray,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from a postjudgment order rendered in her dissolution of marriage action.

The record discloses that the parties' seventeen year marriage was dissolved on November 3, 1989. There are three minor children of the marriage. Since the dissolution, there have been numerous postjudgment motions related to visitation. The plaintiff is a practicing attorney who represented herself in the postjudgment proceedings. She lives with the children in the marital residence in Avon. The defendant lives in Westport and works in New York City.

On February 17, 1993, the trial court heard argument on the plaintiff's motion for an order protecting the physical and emotional health of the minor children. At the conclusion of the hearing, the trial court issued an order concerning the defendant's Christmas visitation with the children and denied most of the relief requested by the plaintiff. The plaintiff then filed a motion for reconsideration and reargument, which was denied on June 9, 1993.

The plaintiff appeals from the initial order of February 17, 1993, and the June 9, 1993 denial of her motion

for reconsideration. Although the plaintiff raises eight separate issues,[1] which essentially chronicle the relief she requested in her initial motion, the gravamen of her appeal is that the trial court proceedings were tainted by pervasive gender bias on the part of the trial court. She also claims abuse of discretion by the trial court.

The defendant responds that the issue of bias was not presented to the trial court and that the trial court did not abuse its discretion in its substantive rulings.

We commence our analysis by observing that the plaintiff's claim of gender bias was not raised in the trial court. It is axiomatic that this court, with certain exceptions not relevant here, will not consider claims that were not distinctly raised in the trial court. "[T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Inter-

[1] The plaintiff's claims are as follows:

"I. The trial court abused its discretion and was gender biased in denying plaintiff custodial mother any visitation with the minor children on Christmas every third year where said custodial mother has 100% of the obligations for three minor children with no help from defendant and where defendant admitted it was in the children's best interest to spend time with their mother at Christmas.

"II. The trial court erred, abused its discretion and was gender biased in prohibiting the introduction of or use of evidence to challenge defendant's credibility where the hearing relied heavily on facts and where the evidence would have shown defendant lied under oath multiple times and in preventing plaintiff from completing offers of proof and marking documents.

"III. The trial court erred, was gender biased and abused its discretion where it failed to order defendant to obtain child care and award the mother all costs and expenses incurred when defendant cancels visitation leaving her without child care, causing stress and financial burden on an overburdened post-divorce family and distress to the children.

"IV. The trial court was gender biased and abused its discretion when it permitted defendant who is a joint legal custodian to leave out of visitation minor children who are ill requiring parental care or who have school activities necessitating parental support, leaving distressed children and

nal quotation marks omitted.) *State* v. *Robinson*, 227 Conn. 711, 741, 631 A.2d 288 (1993). Our role on review is to decide whether the trial court's decision is clearly erroneous in view of the evidence and pleadings in the record. *Housatonic Valley Publishing Co.* v. *Citytrust*, 4 Conn. App. 12, 15, 492 A.2d 203 (1985). Accordingly, we do not consider the gender bias issue.

In five of her claims, the plaintiff charges that the trial court abused its discretion. An appellant who seeks to reverse the trial court's exercise of judicial discretion assumes a heavy burden. *State* v. *Carey*, 228 Conn. 487, 495, 636 A.2d 840 (1994). In family matters, a trial court is vested with broad discretion. *Sontz* v. *Sontz*, 25 Conn. App. 810, 811, 593 A.2d 523 (1991). Appellate review of the exercise of that discretion is limited to determining (1) whether the trial court correctly applied the law, and (2) whether the trial court could reasonably have concluded as it did. *Duve* v. *Duve*, 25

an overburdened custodial mother who works full time outside the home with additional work which should be shared by defendant father.

"V. The trial court was gender biased where on a motion filed by a female plaintiff, the trial court jumped to conclusions based upon gender stereotypes before the facts were presented, looked to defendant's male counsel for confirmations of 'facts' and recognized male counsel to address the motion.

"VI. The trial court abused its discretion and was gender biased where it made assumptions based on gender stereotyping and where it prohibited the children from testifying on a motion for reconsideration.

"VII. The trial court erred, violated the custodial mother's due process rights and was gender biased when the court, among other actions, prevented her from making or completing arguments, prevented her from preserving a record, questioning a witness and upon the custodial mother's motion for reconsideration, prevented her from telling the court why a rehearing was requested, what evidence was to be presented, prevented her from addressing other issues in the motion and prevented her from making a statement on the record after the court's ruling.

"VIII. The trial court's decisions were materially affected by gender bias in the court and influenced by gender stereotype statements proffered by the defendant and which decisions were based in part on gender stereotypes and not on the facts, all to the detriment of the custodial mother, and such gender bias is error and abuse of discretion by the trial court."

Conn. App. 262, 266, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992). Every reasonable presumption must be given to support the correctness of the judgment. *Brash* v. *Brash*, 20 Conn. App. 609, 613–14, 569 A.2d 44 (1990). Decision making in family cases requires flexible, individualized adjudication of the particular facts of each case. *Yontef* v. *Yontef*, 185 Conn. 275, 278, 440 A.2d 899 (1981).

Trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. *Weinstein* v. *Weinstein*, 18 Conn. App. 622, 625, 561 A.2d 443 (1989). This court may not substitute its own opinion for the factual findings of the trial court. *Hill* v. *Hill*, 35 Conn. App. 160, 166, 644 A.2d 951, cert. denied, 231 Conn. 914, 648 A.2d 153 (1994).

The ultimate question on appellate review is whether the trial court could have concluded as it did. *Dubicki* v. *Dubicki*, 186 Conn. 709, 713, 443 A.2d 1268 (1982). Examination of the record, the appellate briefs and consideration of the parties' oral arguments does not persuade us that the trial court abused its discretion.

The judgment is affirmed.