DOROTHY M. BAKER *v.* DAVID P. CORDISCO
(12612)

DUPONT, C. J., and FOTI and HEIMAN, Js.

Argued January 17—decision released April 11, 1995

*Laurence V. Parnoff,* for the appellant (plaintiff).

*Michael S. Lynch,* for the appellee (defendant).

HEIMAN, J. In this negligence action, the plaintiff appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant. On appeal, the plaintiff claims that the trial court improperly (1) allowed the defendant to withdraw his third party

complaint and file special defenses against the plaintiff, (2) admitted hearsay evidence that did not comply with the business entry exception enumerated in General Statutes § 52-180, (3) permitted a witness to testify to the ultimate issue that was to be decided by the jury, and (4) permitted a verdict that was contrary to the physical evidence and without factual or legal basis. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On December 30, 1986, at approximately 2:44 p.m., the plaintiff was a passenger in a motor vehicle driven by her husband, Francis Baker. The Bakers were traveling east on Barnum Avenue in Stratford. Barnum Avenue is a public highway with two lanes for eastbound traffic and two lanes for westbound traffic. The eastbound and westbound lanes are divided by a double yellow line.

The defendant, David P. Cordisco, was also traveling east on Barnum Avenue. He was positioned in the left lane of Barnum Avenue closest to the double yellow dividing lines. At the intersection of Barnum Avenue and Nichols and King Streets, the defendant stopped his vehicle at a red light. As he waited for the signal to change, he observed the vehicle in which the plaintiff was a passenger in the right lane of Barnum Avenue, the lane farthest from the dividing lines. He also noted that the vehicle occupied by the plaintiff was positioned slightly in front of his van.

Both vehicles again proceeded east when the light turned green. Each vehicle continued to occupy the lane that it had been in at the traffic light. When the two vehicles approached the driveway of a Finast supermarket located on the north side of Barnum Avenue, the vehicle in which the plaintiff was a passenger suddenly cut across the path of the defendant's vehicle in

an apparent attempt to make a left turn into the super-market parking lot. The two vehicles collided in the lane occupied by the defendant.

After the collision, the vehicle in which the plaintiff was a passenger continued across the westbound lanes and came to a stop in the Finast parking lot. The defendant's van stopped in the eastbound lane nearest the center line with its left wheels close to or on the center line. The defendant then proceeded into the Finast parking lot to speak with the Bakers. Francis Baker admitted to the defendant that he did not under-stand how he could have been "so stupid" as to have turned as he had.

At the close of evidence, the case was submitted to the jury with interrogatories. The jury found that the defendant was not negligent and that Francis Baker, the operator of the vehicle in which the plaintiff was a passenger, was 100 percent negligent. The verdict was accepted and recorded and judgment rendered thereon. This appeal followed.

I

The plaintiff first asserts that the trial court improp-erly allowed the defendant to withdraw his third party complaint against Francis Baker and to file a special defense against the plaintiff. We disagree.

Certain additional facts are necessary for the proper resolution of this issue. On February 22, 1990, the defendant moved for permission to implead Francis Baker. See Practice Book § 117.[1] The motion was granted and the defendant instituted a third party action against Baker, alleging that the plaintiff's inju-

---

[1] Practice Book § 117 provides in pertinent part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's

ries were caused by Baker's negligence. The defendant sought contribution from Baker pursuant to General Statutes § 52-572h (h). Baker never filed an answer to this third party complaint. The defendant did not move to default Baker for failure to plead.

On October 11, 1990, the plaintiff filed an amended complaint to correct the date on which the accident was alleged to have occurred. The defendant did not file an answer to this amended complaint. On May 4, 1993, the date that jury selection commenced, the pleadings were not closed with respect to the principal action itself or as to the third party complaint.

On May 5, 1993, counsel for the defendant informed the trial court that his review of the record reflected that no answer or special defense had been filed in response to the plaintiff's amended complaint. Counsel also stated that he had prepared and was ready to file an answer and special defense and that he was also prepared to withdraw the third party complaint against Francis Baker, subject to acceptance of his pleadings. Counsel for the defendant asserted that his claims of negligence in the special defense were reiterations of the claims of negligence in the third party complaint against Francis Baker.

The plaintiff objected to the answer and special defense as well as to the withdrawal of the third party complaint. The plaintiff argued that she had relied on the third party defendant to prove his freedom from negligence. Thus, she posited that he would have taken the lead in proving the negligence of the defendant. She claimed that permitting the defendant to withdraw

claim against him. Such a motion may be filed at any time before trial and such permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice upon the plaintiff or the party sought to be impleaded. . . ."

the third party complaint placed entirely on her what she perceived to be as a shared burden of proof.

The trial court informed the plaintiff that she continued to have the burden of establishing the negligence of the defendant and that that burden was not changed by the withdrawal of the third party complaint. The trial court also pointed out that the defendant had a right to proffer evidence that the proximate cause of the accident was the negligent conduct of a nonparty. Because the pleadings were not closed, the trial court permitted the defendant to file the answer and special defense to the amended complaint. The defendant was also permitted to withdraw the third party complaint against Francis Baker. The plaintiff was then ordered to file a reply to the defendant's special defense.

## A

We turn first to the plaintiff's assertion that the trial court acted improperly in allowing the defendant to withdraw his third party complaint against Francis Baker.

A plaintiff has the right to withdraw a pending action prior to the commencement of a hearing on the merits. General Statutes § 52-80.[2] "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by § 52-80, is absolute and unconditional." (Internal quotation marks omitted.) *H.G. Bass Associates, Inc.* v. *Ethan Allen, Inc.*, 26 Conn. App. 426, 431, 601 A.2d 1040 (1992), quoting *Lucas* v. *St. Patrick's Roman Catholic Church Corp.*, 123 Conn. 166, 170, 193

---

[2] General Statutes § 52-80 provides in pertinent part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."

A.2d 204 (1937). Such a withdrawal "does not need the permission of the court for cause shown if a hearing on an issue of fact has not commenced." *Matey* v. *Waterbury*, 24 Conn. App. 93, 96–97, 585 A.2d 1260, cert. denied, 218 Conn. 908, 588 A.2d 1383 (1991).

The trial court was therefore powerless to prevent the defendant, as a third party plaintiff, from exercising his right to withdraw the third party complaint. See General Statutes § 52-80. The trial court cannot be faulted for obeying the mandate of the statute.

## B

The plaintiff next claims that the trial court improperly allowed the defendant to file a special defense on the eve of trial and, in turn, ordered the plaintiff to respond to that defense. In support of this claim, the plaintiff asserts that the actions of the trial court deprived her of constitutional due process and the fifteen day filing period provided by the rules of practice for filing responsive pleadings.[3] We again disagree.

The record reflects that the plaintiff failed to assert before the trial court either the due process argument that she now asserts or her claim of a violation of the

---

[3] Although the plaintiff fails to direct us to the sections of the Practice Book that she claims were violated by the order of the trial court, we assume that she is referring to Practice Book §§ 114 and 177.

Practice Book § 114 provides in pertinent part: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon if one is required . . . ."

Practice Book § 177 provides in pertinent part: "When any pleading is amended the adverse party may plead thereto within the time provided by Sec. 114 or, if he has already pleaded, alter his pleading, if he so desires, within ten days after such amendment or such other time as these rules, or the court, may prescribe, and thereafter pleadings shall advance in the time provided by that section. . . ."

rules of practice. "We have not yet reached a jurisprudential stage where we require trial judges to be mentally telepathic. Thus, we have consistently declined to review claims based on a ground different from that raised in the trial court." *State* v. *Ulen*, 31 Conn. App. 20, 29, 623 A.2d 70, cert. denied, 226 Conn. 905, 625 A.2d 1378 (1993). To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge. *State* v. *Robinson*, 227 Conn. 711, 741, 631 A.2d 288 (1993). The plaintiff has not provided us with a reason to depart from this standard. Because the grounds now asserted were not raised before the trial court, we will not afford review on these unpreserved grounds.[4]

The plaintiff did, however, assert before the trial court an argument that she would be prejudiced if the defendant were allowed to amend the pleadings by filing a special defense that claimed that the accident was caused by the sole negligence of Francis Baker. The plaintiff asserted that she might be required to seek a continuance or further discovery or to take other action in order to prevent surprise and prejudice.[5]

The granting or denial of a motion to amend the pleadings is a matter within the trial court's discretion. *Neiditz* v. *Housing Authority*, 231 Conn. 598, 601, 651 A.2d 1295 (1995); *S.M.S. Textile Mills, Inc.* v. *Brown, Jacobson, Tillinghast, Lahan & King, P.C.*, 32 Conn. App. 786, 794, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "In the interest of justice

---

[4] We note that the plaintiff did not seek review of the two unpreserved claims under the rubric of plain error review. Since the parties have neither briefed nor argued plain error, we will not afford such review. See *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 99, 644 A.2d 325 (1994).

[5] We note that the record reflects that the trial court quite properly informed counsel that it would meet those requests when and if made. The record reflects that no requests were made of the trial court for a continuance or further discovery.

courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion. *Tedesco* v. *Julius C. Pagano, Inc.*, [182 Conn. 339, 341, 438 A.2d 95 (1980)]. The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial. *Wallingford* v. *Glen Valley Associates, Inc.*, [190 Conn. 158, 161–62, 459 A.2d 525 (1983)], quoting *Tedesco* v. *Julius C. Pagano, Inc.*, supra, 341–42. *Wassell* v. *Hamblin*, 196 Conn. 463, 466–67, 493 A.2d 870 (1985)." (Internal quotation marks omitted.) *Esposito* v. *Presnick*, 15 Conn. App. 654, 660, 546 A.2d 899, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988).

At the time the amendment was permitted, the plaintiff did not seek a continuance or make a showing of prejudice. Her assertion that the amendment cast a burden on her different from that she had before the amendment is incorrect. The plaintiff always bore the burden of proving the defendant negligent and the defendant had the right to show that some other person contributed to or was the sole proximate cause of the collision and the resultant damages. See General Statutes § 52-572h.

We will not interfere with the trial court's exercise of discretion in permitting an amendment unless an abuse of discretion is clearly evident. See *Neiditz* v. *Housing Authority*, supra, 231 Conn. 601. Under the circumstances here, there was no abuse of the trial court's discretion.

## II

The plaintiff next asserts that the trial court improperly admitted into evidence the second or back page

of a police report over her objection that it contained hearsay and did not comply with the business entry exception enumerated in General Statutes § 52-180.[6] We decline to review this claim as it was not properly preserved at trial.

The following facts are necessary to the resolution of this issue. At trial, Officer David Mullane testified that he was dispatched to investigate the accident involving the plaintiff and the defendant. Because he had no recollection of this particular accident, the accident report that he prepared contemporaneously with his investigation at the scene was admitted as an exhibit. The plaintiff objected to the admission of the back page of the report that contained a diagram drawn by Mullane as well as statements of Francis Baker. The plaintiff objected to the admission of Baker's statements on the basis that the defendant had failed to comply with discovery and had not disclosed the existence of those statements.[7] The plaintiff did not object on the ground

---

[6] General Statutes § 52-180 (a) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

[7] The plaintiff objected as follows: "With the diagram and the statement, if Your Honor please? Up until Friday, Mr. Baker was a party and anything he might have said might have been admissible. As of the time this case began, the case against Mr. Baker was withdrawn after jury selection was started, and we're now dealing with a special defense making him a volunteer at best, certainly under no duty. But more importantly, Your Honor, October 19, 1992, while I was still representing only [the plaintiff] on the complaint and there was another attorney representing Mr. Baker on the third party complaint, I asked whether or not there were any statements of parties that the defendant had any knowledge of. And his answer to that question, 13B, was 'No,' there were no statements."

After the police report was admitted and the plaintiff's objection overruled, the plaintiff stated: "If Your Honor please, I take exception to the admission of this exhibit, and I renew my objection to any of this informa-

now alleged on appeal, that the statements on the back page of the police report failed to meet the requirements of the business entries exception to the hearsay rule.

We will not review a claim that is not distinctly raised at trial. Practice Book §§ 288 and 4185; *Skrzypiec* v. *Noonan*, 228 Conn. 1, 13, 633 A.2d 716 (1993); *Brown* v. *Brown*, 36 Conn. App. 597, 599, 652 A.2d 527 (1995). "A claim is distinctly raised if it is so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . A claim briefly suggested is not distinctly raised." (Citations omitted; internal quotation marks omitted.) *Solomon* v. *Hall-Brooke Foundation, Inc.*, 30 Conn. App. 129, 134, 619 A.2d 863 (1993).

The plaintiff's failure to raise at trial the claim she now raises on appeal deprived the trial court of the opportunity to address the issue adequately while there was time to correct it and denied this court an adequate record to review the claim. See *Misiurka* v. *Maple Hill Farms, Inc.*, 15 Conn. App. 381, 385–86, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). As we have already stated in part I of this opinion, "[t]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Brown* v. *Brown*, supra, 36 Conn. App. 599, quoting *State* v. *Robinson*, supra, 227 Conn. 741.

---

tion being submitted to the jury based on the fact that up until jury selection and after jury selection had commenced, the defendant has not complied with the rules of discovery, updated his compliance with discovery through Friday when he spoke with this officer to indicate that there were statements of anybody. He specifically denied that there were statements [by any] party. And Mr. Baker was a party in this case up until last Monday or Tuesday."

The plaintiff's objection did not distinctly raise the claim before the trial court that the statements on the back page did not comply with the requirements of a business entry. See Practice Book § 288. The trial court, therefore, did not address the claim now before us and the record is inadequate for our review. We will not usurp the trial court by reviewing this claim.

## III

The plaintiff next claims that the trial court improperly permitted Mullane to "state opinions without proper qualifications and to state conclusions which were exclusively the province of the jury over the plaintiff's objection and exception." We disagree.

Although it is certainly true that expert witnesses may not ordinarily express opinions on the ultimate issue of fact to be determined by the jury; *State* v. *Butler*, 36 Conn. App. 525, 530, 651 A.2d 1306 (1995); our review of the transcripts reveals that no such testimony was permitted. Mullane testified that it was his general practice to prepare a diagram of the scene of the incident if the accounts of both drivers are consistent. He further testified that he prepared a diagram of the accident in this case because the drivers did not disagree about how the accident had occurred. The diagram he prepared showed the defendant in the left lane of Barnum Avenue and the plaintiff in the right. The diagram indicated that the plaintiff took a left turn from the right lane. The plaintiff objected that the explanation about the diagram was a conclusion.[8] The trial

___

[8] The plaintiff's objection is as follows:

"[The Plaintiff]: Your Honor, I object to this. It's—you know, first of all, when we were told about this it was supposed to be for credibility. Now we find out from the officer what he's got there is a conclusion, his conclusion. It's a summary of what everybody told him. He's testified that he spoke with the other investigating officer. It's clear it cannot be admissible on the grounds that it was submitted or offered. . . . I'm going to object,

court overruled the plaintiff's objection, stating that the witness' testimony was for the purposes of explaining the diagram and did not represent his conclusions regarding the accident.

Despite the plaintiff's claims, Mullane did not place his imprimatur on any particular version of the cause of the accident and did not form any of his own conclusions on that issue. The plaintiff's argument, therefore, is immaterial and we need not address this claim.

## IV

Finally, the plaintiff asserts that the verdict was contrary to the physical evidence and without factual or

Your Honor. He's already testified that was a conclusion that he drew from the information that he received. He wasn't there; he doesn't know what happened.

"The Court: Well, no, I know. But that's not what he's being asked. He's being asked to explain what the diagram shows. That's not something he necessarily has to have past knowledge of, if you understand what I'm saying.

"[The Plaintiff]: What it shows, Your Honor, is his conclusions, and that's what I object to. There are conclusions here, that is the ultimate test for the jury to make a determination, and I think he's—

"The Court: You're quite right. You're quite right. But it's relevant evidence. He can explain the diagram. I think that's all [the defendant is] asking him to do is explain the diagram.

"[The Defendant]: That's all I'm asking him to do.

"The Court: Right. He's not being asked to give conclusions. He's being asked to explain what this diagram shows.

"[The Plaintiff]: No, if Your Honor please. He's already testified that his diagram was a conclusion that he drew from the information that he received from both parties, any witnesses that he may have spoken to, and the other police officer at the scene.

"The Court: Well, the diagram is a very limited diagram as you know.

"[The Plaintiff]: I know.

"The Court: So he can explain it. The question is a fair question. I mean, what does this show? I mean, there's notations on there that arguably, that what they mean is not necessarily clear from someone just looking at the document. So, you can object to a specific question, but the general concept of explaining his diagram, as long as it doesn't get into some kind of accident reconstruction, it is permissible."

The plaintiff excepted to the ruling of the trial court.

legal basis. In support of this claim, the plaintiff points to alleged contradictions in the evidence of the investigating officer and posits from those alleged contradictions that "the verdict was the result of the officer's conclusion diagram providing a visual picture of the defendant's self-serving statement."

Evidence is sufficient to sustain a verdict where it induces in the mind of the jury that it is more probable than otherwise that the fact in issue is true. *Dacey* v. *Connecticut Bar Assn.*, 170 Conn. 520, 534, 368 A.2d 125 (1976). "It is the province of the trier of fact to weigh the evidence presented and determine the credibility and effect to be given the evidence. . . . On appellate review, therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled." (Citations omitted.) *Swift & Co.* v. *Rexton, Inc.*, 187 Conn. 540, 543, 447 A.2d 9 (1982); see also *Speed* v. *DeLibero*, 23 Conn. App. 437, 440, 580 A.2d 1242, rev'd on other grounds, 215 Conn. 308, 575 A.2d 1021 (1990). In analyzing a sufficiency of the evidence claim, the test that we employ is whether, on the basis of the evidence before the jury, a reasonable and properly motivated jury could return the verdict that it did. *Bielaska* v. *Waterford*, 196 Conn. 151, 156, 491 A.2d 1071 (1985).

" 'Where there is conflicting evidence, as claimed by the [plaintiff], we do not retry the facts or pass on the credibility of the witnesses.' " *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.*, 190 Conn. 371, 404, 461 A.2d 422 (1983). The probative force of conflicting evidence is for the trier to determine. *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 257, 524 A.2d 610 (1987); *Shippan Point Assn., Inc.* v. *McManus*, 34 Conn. App. 209, 215, 641 A.2d 144, cert. denied, 229 Conn. 923, 642 A.2d 1215 (1994). We rely on "the good sense and judgment of American juries to weigh evidence with some element

of untrustworthiness since such evidence 'is customarily grist for the jury mill.' " *State* v. *Fullwood*, 193 Conn. 238, 254, 476 A.2d 550 (1984); *State* v. *Rivera*, 32 Conn. App. 193, 202, 628 A.2d 996, cert. denied, 227 Conn. 920, 632 A.2d 698 (1993).

We have already set out in detail the facts that the jury could reasonably have found. On the basis of the evidence before it, the jury could reasonably have concluded, as it did, that the sole proximate cause of the collision was the negligent conduct of the operator of the vehicle in which the plaintiff was a passenger and against whom she elected not to bring an action.

The judgment is affirmed.

In this opinion the other judges concurred.