[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action to recover from the defendants an incentive fee which he claims is due under an agreement dated July 14, 1995. He claims he is entitled to the fee under paragraph 6.01(b) of the agreement. He made a demand for payment on August 18, 1997 for the payment of an incentive fee of $38,368.52 for the prior year pursuant to the contract.
The defendants have refused to pay asserting that the contract alleged to be in effect is not the contract agreed to by the parties. They claim a contract (Defendants' Exh. 1) is the contract which governs the relationship between the parties. The plaintiff claims his Exhibit 1 is the contract that controls. Under the plaintiff's exhibit, he should recover. On the other hand, if the defendants exhibit controls he may not recover. The issue is which contract controls the agreement.
A review of the sequence of events will be helpful in resolving the issue. On July 17, 1995, the attorney for the defendants, Robert Genuario, sent a letter to Lawrence Greenberg, attorney for the plaintiff. In the letter he stated that he was enclosing an executed agreement (a fax copy) and requested Greenberg to forward to him two hard copies of the agreement for execution by his client so that both parties would have original copies. By letter dated August 7, 1995, Robert W. Winchester, Director of Finance and Development of the plaintiff sent two original copies of the agreement, signed by him to Genuario, requesting that he have the defendant, Shirley Kavanewsky sign the agreement and return one original agreement to him. (Defendants' Exh. 2.) Nothing in that letter, refers to any changes in the contract. However, paragraph 6.01(b) in that contract (Plaintiff's Exh. 1) is different from the prior agreement (Defendants' Exh. 1). CT Page 3731
In this regard, Winchester testified that prior to August 7, 1995, there was a change made in the contract at the request of Mr. Joseph Kavanewsky, Shirley's husband.
The transcript of Winchester's testimony reads as follows:
"Q. (Mr. Genuario) At the time you transmitted these two contracts, were you aware that there was a change in the contract language?
. . .
A. (Mr. Winchester) As I recall the process, we had executed a contract, and then we had made a change to it relative to Mr. Kavanewsky's request that we knew specifically the terms of the management agreement and the period to calculate the incentive fee so we made it more definitive within the agreement. And that's what it is, as I know it to be, the final agreement." (Tr. p. 33, 2/3/99.)
Two copies of the contract (Plaintiff's Exhibit 1) were transmitted with Winchester's August 7, 1995 letter to Genuario. Thereafter, Genuario wrote to Winchester on August 15, 1995 (Plaintiff's Exhibit 1) with a fully executed agreement, signed by Shirley Kavanewsky and witnessed by Genuario. In his letter, the latter mentions that he discussed certain provisions of the agreement with Kavanewsky. This certainly is persuasive that he reviewed the document and had an opportunity to observe any changes in paragraph 6.01(b).
The court cannot accept the defendants argument that changes were made without their knowledge. There is no question that a change was made. However, the defendants and their attorney had an opportunity to see them. Furthermore, Winchester testified that he discussed those changes with Mr. Kavanewsky at some time prior to August 7, 1995 and the latter agreed with the change in paragraph 6.01(b). Accordingly, the court finds that there was a meeting of the minds of the parties and that the defendants and their attorney knowingly entered into the agreement marked as Plaintiff's Exhibit 1.
A negotiated contract between the parties represented by counsel is binding A written agreement complete on its face is taken to be an integrated agreement in the absence of contrary evidence. The defendants have offered no evidence that the CT Page 3732 contract was not integrated i.e. that the subject matter was not dealt with and the parties did not discuss it. It is the burden of the defendants to challenge the validity of the contract. They have failed to do so. Neiditz v. Housing Authority,43 Conn. Sup. 283 (1994), affirmed 231 Conn. 598 (1995).
The court finds that the plaintiff has proven a valid contract and a breach thereof by the defendants.
Accordingly, the court enters judgment in favor of the plaintiff in the amount of $38,386.52 plus statutory interest from September 18 to date. The court also awards attorneys fees as set forth in paragraph 9.12 of the contract in the amount of $9,205.00, plus costs in the amount of $656.25.
D. Michael Hurley, Judge Trial Referee