## GERALD SMITH *v.* WANDA REYNOLDS
## (AC 17955)

Lavery, Landau and Schaller, Js.

Argued April 19—officially released August 3, 1999

*William F. Gallagher*, with whom, on the brief, was *George R. Temple*, for the appellant (plaintiff).

*Ralph C. Crozier*, for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Gerald Smith, appeals from the trial court's judgment granting the motion filed by the defendant, Wanda Reynolds, to restore the case to the docket after the plaintiff withdrew his cause of

action.[1] On appeal, the plaintiff claims that the trial court improperly restored the case to the docket because the trial court lacked subject matter jurisdiction. We reverse the judgment of the trial court.

The following facts are relevant to the appeal. The plaintiff commenced the lawsuit, a derivative action,[2] on July 9, 1997. The defendant filed a motion for an appraisal of the corporation, which the trial court granted on October 20, 1997. Although the trial court granted the motion for an appraisal, no appraiser was ever appointed. The plaintiff withdrew the lawsuit on October 28, 1997. The defendant moved to restore the action to the docket on October 30, 1997. On November 4, 1997, the trial court granted the motion to restore.[3] The trial court denied the plaintiff's motion to reconsider its ruling on the motion to restore. The plaintiff appealed.

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal

[1] The defendant moved to dismiss the appeal for lack of a final judgment. We denied the defendant's motion and treated the defendant's motion to restore as a motion to open the judgment. See *Sicaras* v. *Hartford*, 44 Conn. App. 771, 776, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). "Generally, the granting of a motion to open a prior judgment is not a final judgment and, therefore, not immediately appealable. *State* v. *Phillips*, 166 Conn. 642, 646, 353 A.2d 706 (1974). An exception to this rule, however, allows an appeal if it challenges the power of the trial court to open the judgment. *Solomon* v. *Keiser*, 212 Conn. 741, 747, 562 A.2d 524 (1989)." *Cassella* v. *Kleffke*, 38 Conn. App. 340, 344, 660 A.2d 378, cert. denied, 235 Conn. 905, 665 A.2d 899 (1995); see also *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418–19, 426 A.2d 1324 (1980).

[2] The corporation is Smith Enterprises, Ltd.

[3] The defendant filed a counterclaim on December 10, 1997.

quotation marks omitted.) *United Technologies Corp.* v. *Groppo*, 238 Conn. 761, 767, 680 A.2d 1297 (1996). Our review of the plaintiff's claim is, therefore, plenary.

The issue is controlled by General Statutes § 52-80, which provides in relevant part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."

"The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by § 52-80, is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.*, 26 Conn. App. 426, 431, 601 A.2d 1040 (1992). "[A] withdrawal 'does not need the permission of the court for cause shown if a hearing on an issue of fact has not commenced.' " *Baker* v. *Cordisco*, 37 Conn. App. 515, 521, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

The parties disagree as to whether the trial court's granting the defendant's motion for an appraisal of the corporation, without the appointment of an appraiser, is a hearing on an issue of fact. We hold that it is not an issue of fact. See *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.*, 194 Conn. 400, 404, 480 A.2d 552 (1984) (plaintiff could not withdraw complaint without leave of court where court-appointed appraiser had begun process of appraising corporation, which constituted

"hearing on an issue of fact"); *Spears* v. *Kerars Realty Co.*, 171 Conn. 699, 704, 372 A.2d 121 (1976) (appraiser's determination of value of corporation's real estate prior to court appointment was not "hearing on an issue of fact" requiring court's permission to withdraw action).

In this case, although the trial court granted the defendant's motion for an appraisal of the value of the corporation, no appraiser was appointed to perform the evaluation. "It is clear . . . that this fact-finding function cannot commence prior to the appraiser's formal appointment by the court." *Spears* v. *Kerars Realty Co.*, supra, 171 Conn. 703. The trial court improperly granted the defendant's motion to restore the lawsuit to the docket because it lacked subject matter jurisdiction.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to restore the case to the docket.

In this opinion the other judges concurred.