[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT WILLIAM CYR
This case arises out of the plaintiff's negotiations with the defendant and his agreement to buy a piece of antique furniture. The plaintiff and defendant signed an agreement. The agreement provided that under certain circumstances the plaintiff could terminate the commitment to buy the furniture and receive his deposit money back from the defendant. The plaintiff claims he indicated to the defendant that he no longer wished to buy the furniture and demanded the return of the deposit.
The defendant has refused to return the deposit and the plaintiff has now filed a motion for summary judgment. The rules CT Page 15943 applicable to such a motion are well known. The court cannot grant such a motion if there is a genuine issue of fact — a party is entitled to a trial. On the other hand, such a motion should be granted if it can be done so as a matter of law so that the parties and the courts are not burdened with trying claims or defenses without merit.
This contract and the dealings of the parties are subject to the U.C.C. (§ 42a-2-102). The written agreement of the parties refer to this transaction as a sale "on approval." Black's Law Dictionary defines such a sale as one in which "completion hinges on the buyer's satisfaction, regardless of whether the goods conform to the contract"; this comports with the code definition of a sale on approval as defined in § 42a-2-236 (1). If, as here, the agreement provides that the buyer has ten days to void the agreement when the goods are shipped for inspection and the nature of such provision permits cancellationeven if the goods comply with the contract, it follows afortiori that the buyer can refuse shipment and void the sale as long as it is done within ten days of the signing of the agreement. Any other interpretation could lead to ludicrous results and place commercially unnecessary burdens on these type of approval sales.
Here, the buyer claims to have requested his deposit money back under the terms of the agreement since he indicated within ten days of signing he wanted his money back.
The defendant seller seeks to avoid this result by arguing that there was an oral understanding antedating the signed agreement wherein the buyer waived by right of inspection and, therefore, his ten day right to cancel the deal.
This is not permissible under the code. Section 42a-2-202 says "Terms with respect to which the conformatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect of such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented (a) by course of dealing or usage of trade. . . . and by evidence of consistent additional terms." Subsections (a) and (b) have no relevance to this case and were not raised by the parties.
The agreement attached as Exhibit A is certainly a conformatory CT Page 15944 agreement and appears to be a final expression of the parties' agreement. A written agreement complete on its face is regarded as an integrated agreement in the absence of contrary evidence.
The agreement cannot be considered "skeletal" — it is rather complete given the simple nature of the transaction. The notion that any inspection or terms of the agreement were "waived" is belied and indeed rendered inexplicable by the fact that this agreement post dated any such alleged extrinsic discussions. The agreement though not designated by internal language as "final" speaks in final terms — the item will be shipped, a balanceis due, if the chest is returned the deposit will be
returned, see generally, Neiditz v. Housing Authority,43 Conn. Sup. 2 83, 289 (1994), aff'd. 231 Conn. 598. The seller's statement that he sent the memo of agreement merely to confirm the purchase price does not carry any weight since the "memo" addresses more than the purchase price and describes the whole transaction of the parties including the right of inspection and ten day right to demand return of the deposit.
The court then cannot consider the representations made in the seller's affidavit since to do so would violate the parole evidence rule embodied in the code.
There is no allegation of fraud or misrepresentation that would bar the application of the parole evidence rule. Paiva v.Vanech Heights Construction Co., 159 Conn. 512 (1970), LathamAssociates. Inc. v. William Raveis Real Estate, Inc.,218 Conn. 297 (1991).
The motion is granted as to the defendant William Cyr, Jr.
Corradino, J.