[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO RESTORE CASE TO DOCKET (# 111.10)
The undisputed facts are:
1. The plaintiff began this dissolution action by summons and complaint returnable to December 28, 1999. The sheriff's return states service was made on the defendant by leaving a true and attested copy in the hands of the defendant on November 30, 1999. The papers were received in the clerk's office on December 20, 1999.
2. The defendant filed an appearance via the JD-CL-12 printed APPEARANCE form in the clerk's office on March 30, 2000, pro se.
3. The Case Management Agreement form, signed by the plaintiff, his attorney and the defendant, was filed stating that the status of the case was limited contested. The proposed schedule was approved and ordered by the court on April 5, 2000 (101).
4. The plaintiff's attorney filed a withdrawal (105.55) in the clerk's office on October 12, 2000 at 2:39 p.m. Section II "WITHDRAWAL DISPOSITIVE" was completed by checking the box which states "the plaintiff's action is withdrawn as to all defendants without costs to any party WDACT)" The initials are computer code for a withdrawn case.
5. The defendant filed a motion for orders before judgment (pendente lite) in family eases utilizing the printed form JD-FM-176 which was CT Page 16319 stamped by the clerk's office as received on October 13, 2000 at 12:53 p.m. together with a printed divorce (dissolution of marriage) answer JD-FM-160. They were coded in the computer as (103) and (104).
6. The attorney for the defendant filed her appearance on October 26, 2000 and filed three motions at the same time seeking custody, support, alimony, counsel fees and exclusive use of the family home (106), (107) and (108).
7. The defendant filed the present motion to restore with the required charge of $60 in the clerk's office on November 8, 2000.
8. The defendant filed a cross-complaint received in the clerk's office on November 3, 2000 (110).
In her brief; the defendant relies on the case of Sicaras v. City ofHartford, 44 Conn. App. 771 (1997), which held that a case previously withdrawn by both parties after reaching a settlement agreement which was not approved by the court, or entered as a judgment, could be restored to the docket. It reasoned that the motion to restore a withdrawn case should be viewed as analogous to the motion to open used to open a judgment.
In a more recent case, the plaintiff withdrew his cause of action, and the defendant moved to have the case restored to the docket which the trial court granted. The Appellate Court reversed the judgment of the trial court. The defendant in that case had not filed a counterclaim prior to the withdrawal of the plaintiff's cause of action. Smith v.Reynolds, 54 Conn. App. 381 (1999). At p. 383 the court sets forth the law of that case which is also the controlling law of this ease:
 "The issue is controlled by General Statutes § 52-80, which provides in relevant part: The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown. The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by § 52-80, is absolute and unconditional, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure CT Page 16320 of the case from the docket. (Internal quotation marks omitted.) H. G. Bass Associates, Inc. v. Ethan Allen, Inc, 26 Conn. App. 426, 431, 601 A.2d 1040 (1992). [A] withdrawal does not need the permission of the court for cause shown if a hearing on an issue of fact has not commenced. Baker v. Cordisco, 37 Conn. App. 515, 521, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995)." (Internal quotation marks omitted.)
The defendant's motion to restore is denied.
HARRIGAN, JUDGE TRIAL REFEREE