[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is one of five files which contain pleadings, missteps and misadventures of the commercial relationship between Connecticut Bank of Commerce (CBC) and Julie D. and Anthony V. Giordano.
This matter commenced as a mortgage foreclosure complaint on an alleged note by writ, summons and complaint returnable on May 27, 1997. On May 15, 1998, the defendants Giordano sought the dismissal of the action under the prior pending case doctrine. In their brief in support, they reference the matter of No. CV97 0401273, New Haven Savings Bank v.Giordano, in which CBC moved for a deficiency judgment for claims of indebtedness arising out of the same alleged obligation from the defendants to the plaintiff. That motion to dismiss was denied by the court (Celotto, J.) on October 22, 2001.
On November 13, 2002, the plaintiff CBC filed a JD-CV-41 Rev. 1-97 withdrawal of the instant action. The defendants Giordano, on November 21, 2002 filed "Defendants Giordanos' Objection to Plaintiff's Withdrawal of Action dated November 13, 2002, and said motion be stricken from the file."
On December 2, 2002, the defendants Giordano filed "P.B. § 10-30
Motion to Dismiss and Brief in Support Thereof." In that motion the defendants invoke the prior pending action doctrine. On December 5, 2002, the defendants Giordano filed a "Supplemental Objection to the plaintiff's withdrawal of actions and motion to strike from the file." On December 17, 2002, the plaintiff filed a "Memorandum of Law in Opposition to Defendants Giordanos' Objection to Withdrawal of Action and Motion to Strike Withdrawal." On December 19, 2002, the defendants filed a Response to that document. Finally, on December 23, 2002, the plaintiff filed a "Memorandum of Law in Opposition to Defendants' December 2, 2002 Motion to Dismiss and Brief in Support Thereof."
The plaintiff has ostensibly withdrawn its action seeking a foreclosure CT Page 1497 of a mortgage secured on premises at Neck Road in Guilford, Connecticut. The defendants no longer own that property; they lost it to foreclosure sale, reference to NHSB v. Giordano matter.
The defendants argue that this matter cannot be unilaterally withdrawn by the plaintiff because they claim there has been a commencement of a hearing on the merits of the plaintiff's complaint for foreclosure.
"The plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of court for cause shown." General Statutes
§ 52-80.
The defendants argue that there has been a commencement of a hearing on the merits before the Superior Court, in at least one if not all of the following instances.
On June 9, 2002, the court (Booth, J.) had before it discussion in part and argument in part of the matter of New Haven Savings Bank v.Giordano, No. CV97-0401273. Defendants claim that the court also had before it the instant matter. However, a review of the transcripts of that proceeding, including counsel's comments, leads this court to conclude that the only matter before the court at that time was the deficiency judgment that CBC had against the Giordanos arising out of the New Haven Savings Bank foreclosure action. The arguments made by defense counsel at pp. 18-20 of the transcript of that proceeding make clear that even defendants were arguing only in the context of that deficiency judgment issue and not regarding the instant foreclosure action.[1]
On September 30, 2002, these same parties were before the court (Meadow, J.) on a prejudgment remedy application in the matter of No. CV02-0464363, Connecticut Bank of Commerce v. Julie Giordano et al. It appears from the transcript that the court heard argument and then continued the matter to a later date for hearing. Ultimately, the court (Meadow, J.) recused itself and no such subsequent event occurred. A review of the allegations in that application makes it clear that in the prejudgment remedy matter, the plaintiff was seeking security for claims completely different, and arising out of different alleged transactional events than the matter the subject of the dispute Withdrawal of Action here.
On October 16, 2002, the court (Munro, J.) conducted a status conference that was duly noticed by the court for all of the matters in the Judicial District of New Haven at New Haven that are by and between CT Page 1498 the Giordanos and CBC (and its successor, the FDIC). Counsel were duly noticed these matters were merely in the nature of status conference by JDNOs sent to counsel in each file. Defendants argue that a hearing on the merits of this matter commenced in that status conference. A review of the transcript of that proceeding satisfies this court that no hearing on the merits, no hearing on an issue of fact, commenced on that date, October 16, 2002. Nowhere does the court engage in its fact-finding function. While counsel may have attempted to advance their respective positions in response to judicial inquiries it is quite clear that the court only sought to determine the nature and status of each of the five matters, so that they could be heard in a logical and orderly manner. What constitutes the commencement of a hearing was recently considered inGrimm v. Grimm, 74 Conn. App. 406 (2002). There, the Appellate Court found a hearing had commenced where the party had been called as a witness and answered a question; evidence had been taken. No fact-finding hearing commenced in regard to the matter here.
Accordingly, plaintiff CBC may withdraw as of right, as it has done. Defendants' objection thereto, motion to strike the withdrawal, and their motion to dismiss are thus attempting to address a matter already properly withdrawn. Defendants argue that they should be considered on their merits. The court cannot reach these matters on their merits inasmuch as the entire action has been withdrawn; therefore, there is no case on the court's docket.
"The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by § 52-80, is absolute and unconditional. Under our law, the effect of a withdrawal, so far as the pendency of the action is concerned, `is strictly analogous to that presented after the rendition of a final judgment on the erasure of the case from the docket.' Lusas v. St. Patrick's Roman Catholic Church Corporation,123 Conn. 166, 170, 193 A.204 (1937); Salonia v. Salonia, 16 Conn. Sup. 86,88 (1949)." Housing Authority v. Hird, 13 Conn. App. 150, 157, 535 A.2d 377
(1988). The court notes that neither this case nor its progeny (e.g.,Baker v. Cordisco, 37 Conn. App. 515, 520-21, 657 A.2d 230 (1995); Smithv. Reynolds, 54 Conn. App. 381, 383, 735 A.2d 827 (1999), Grimm v.Grimm, 74 Conn. App. 406 (2002)) provide any guidance to the court as to how to conclude as a matter of process, motions and objections before the court on a matter which, having been withdrawn, is no longer on the court's docket. The court finds that the defendants' outstanding objection, motion to strike and motion to dismiss are moot and not properly before the court. Therefore, the court declines to act on them, inasmuch as the action has been withdrawn.[2]
Munro, J. CT Page 1499