BROCK R. MARLIN *v.* JENNIFER L. MARLIN
(AC 22624)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Brock R. Marlin*, pro se, the appellant (plaintiff), filed a brief.

*Stanley M. Goldstein* and *Christine D. Brown* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Brock R. Marlin, appeals from the trial court's postjudgment order that he pay certain of the attorney's fees of the counsel for the minor child in this dissolution of marriage action.

The record discloses that the court dissolved the parties' marriage on October 7, 1998. There is one minor child of the marriage. On June 28, 2000, the plaintiff filed a motion to modify visitation. Thereafter, the defendant, Jennifer L. Marlin, filed a motion for sole custody and appointment of a guardian ad litem for the minor child, and the plaintiff filed a motion for the appointment of an attorney for the minor child.

On October 2, 2000, the court heard argument on those motions and ordered that attorney Catherine P. Whelan be appointed the attorney for the minor child. The court also ordered that the parties share equally the cost of Whelan's $5000 retainer. On December 18, 2000, the plaintiff filed a motion to disqualify Whelan, which the court denied. On November 30, 2001, Whelan filed a motion for counsel fees.[1] On December 10, 2001, the court heard argument on Whelan's motion. Prior to the hearing, the court requested that the parties submit financial affidavits. The defendant's counsel submitted a current financial affidavit; however, the plaintiff's counsel indicated that she had only an unsigned affida-

---

[1] Previously, on June 21, 2001, Whelan filed a motion for counsel fees; however, the court did not rule on that motion.

vit dated August 22, 2001. The court then took a recess to enable the plaintiff's counsel to contact the plaintiff, and to advise him that the court would proceed with Whelan's motion and that it needed a current financial affidavit.

After the recess, the plaintiff's counsel indicated that the plaintiff had come to the court during the recess and provided her with a signed, current financial affidavit. She also indicated that despite the fact that the plaintiff would not attend the hearing, she was prepared to proceed with argument on Whelan's motion. Upon proceeding, Whelan provided the court with a complete accounting of the legal services that she had rendered on behalf of the minor child in the matter and stated for the record that she had sent monthly statements to both parties. Whelan also indicated that she was prepared to testify regarding her legal services. The court asked the parties whether they had any questions regarding Whelan's fees in connection with the matter. The defendant's counsel stated that he had no objection to her fees. The plaintiff's counsel indicated that she had some questions, but when offered the opportunity to question Whelan, she stated that she did not want to question her and that she did not "disagree with her bill."

On the basis of the evidence presented, the court determined that the costs incurred by Whelan were "fair and reasonable" and that there was a balance due of $8308. The court ordered that the plaintiff pay $6000 and the defendant pay $2308 of the remaining balance. No objection was made by either party regarding the court's ruling. This appeal followed.

On appeal, the plaintiff claims that in ruling on Whelan's motion for counsel fees, the court abused its discretion because (1) there was insufficient evidence to support its finding that $8308 constituted fair and rea-

sonable attorney's fees, (2) it already had issued an order that the parties were to share equally Whelan's fees and (3) its order that the plaintiff pay 75 percent of Whelan's fees was punitive. We disagree.

"An appellant who seeks to reverse the trial court's exercise of judicial discretion assumes a heavy burden. . . . In family matters, a trial court is vested with broad discretion. . . . Appellate review of the exercise of that discretion is limited to determining (1) whether the trial court correctly applied the law, and (2) whether the trial court could reasonably have concluded as it did. . . . Every reasonable presumption must be given to support the correctness of the judgment. . . . Decision making in family cases requires flexible, individualized adjudication of the particular facts of each case. . . .

"Trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. . . . This court may not substitute its own opinion for the factual findings of the trial court." (Citations omitted.) *Brown* v. *Brown*, 36 Conn. App. 597, 600–601, 652 A.2d 527, cert. denied, 232 Conn. 917, 655 A.2d 260 (1995).

"The ultimate question on appellate review is whether the trial court could have concluded as it did." Id., 601. After a careful examination of the record and the appellate briefs, we are not persuaded that the court abused its discretion. Moreover, there is absolutely no evidence that the court's ruling was punitive.

The judgment is affirmed.