## EARL RICHARDS, JR. *v.* LOIS RICHARDS
## (AC 23843)

Lavery, C. J., and Schaller and Berdon, Js.

Argued January 22—officially released April 6, 2004

*Howard C. Eckenrode,* for the appellant (plaintiff).

*Darnell Deonas Crosland,* with whom, on the brief, was *David M. Wallman,* for the appellee (defendant).

BERDON, J. In this postjudgment marriage dissolution action, the plaintiff, Earl Richards, Jr., appeals from the judgment of the trial court ordering him to pay the defendant, Lois Richards, $42,894.33 for home repairs and utility bills on the former marital home. On appeal, the plaintiff claims that (1) the court improperly permitted a fact witness to testify as to matters that required expert testimony, (2) there was insufficient evidence presented to the court to establish that repairs and maintenance were required to be performed on the former marital home and (3) there was insufficient evidence presented to the court to establish the nature and cost of the repairs and maintenance performed. We affirm the judgment of the trial court.

The following facts and procedural history are not in dispute. On March 6, 1996, the plaintiff and the defendant were legally separated. As part of the separation judgment, the court, *Coppeto, J.*, ordered the plaintiff and the defendant to share equally the expenses of operating and maintaining the former marital home, including all maintenance and repairs.

On December 2, 1996, the court, *Coppeto, J.*, dissolved the marriage between the plaintiff and the defendant. As part of the dissolution judgment, the court incorporated the orders of the judgment of the legal separation, including the provision that the plaintiff and the defendant were to share equally in the maintenance and repairs of the former marital home.

On March 30, 2000, the defendant filed a motion seeking to have the court order the plaintiff to pay to the defendant one half of all moneys that she had spent for the maintenance and repair of the former marital home. Thereafter, the plaintiff filed a motion to have the dissolution judgment modified because he was no longer residing at the former marital home. The court, *Coppeto,*

*J.*, on January 29, 2001, granted the plaintiff's motion and ordered that the defendant was to be solely responsible for the utilities and repairs.

The court, *Winslow, J.*, held a hearing on January 7, 2003, on the defendant's motion for an order of payment. Prior to the start of the hearing, the court narrowed the issue before it to a determination of the expenses that had been paid by the defendant on the maintenance and repair of the former marital home from July 22, 1999, through January 29, 2001. At the conclusion of the hearing, the court found that the defendant had spent $85,788.66 during that period of time on repairs, maintenance and utilities. Under the terms of the dissolution judgment, the court ordered the plaintiff to pay half of that amount, $42,894.33, to the defendant. This appeal followed.

"An appellant who seeks to reverse the trial court's exercise of judicial discretion assumes a heavy burden. . . . In family matters, a trial court is vested with broad discretion. . . . Appellate review of the exercise of that discretion is limited to determining (1) whether the trial court correctly applied the law, and (2) whether the trial court could reasonably have concluded as it did. . . . Every reasonable presumption must be given to support the correctness of the judgment. . . . Decision making in family cases requires flexible, individualized adjudication of the particular facts of each case. . . .

"Trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. . . . This court may not substitute its own opinion for the factual findings of the trial court. . . . The ultimate question on appellate review is whether the trial court could have concluded as it did." (Citation omitted; internal

quotation marks omitted.) *Marlin* v. *Marlin*, 73 Conn. App. 570, 573, 808 A.2d 707 (2002). With those legal principles in mind, we address the plaintiff's claims.

## I

The plaintiff first claims that the court improperly permitted a fact witness, Brian Rogers, to testify as to matters that required expert testimony. We disagree.

Rogers, the defendant's financial adviser and insurance agent, did not testify about matters that required expert testimony. "Expert testimony is required when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors." (Internal quotation marks omitted.) *Ahern* v. *Fuss & O'Neill, Inc.*, 78 Conn. App. 202, 209, 826 A.2d 1224, cert. denied, 266 Conn. 903, 832 A.2d 64 (2003). Nothing in Rogers' testimony went beyond the ordinary knowledge of the court. Rogers' testimony was limited to what he had observed while he was in the house and how he had facilitated payment for the repairs and maintenance on the house. At no point did Rogers testify as to matters that required expert testimony. Accordingly, the court properly permitted Rogers to testify as he did.

## II

The plaintiff next claims that there was "not sufficient credible evidence to establish that there were repairs and maintenance required to be performed" on the former marital home. We disagree.

In its oral decision, the court, *Winslow, J.*, found that "extensive work needed to be done" on the former marital home. The court based its finding on the testimony of the defendant and on Rogers' observations, as well as on the photographs contained in the appraisal that was performed on the property.

There was more than sufficient evidence for the court to find that repairs and maintenance were required on the house. The defendant testified that the floors in the kitchen and dining room, as well as the window frames, were "all rotted out." The defendant also testified that the back walls of the house were falling down and that the roof was leaking. The defendant testified that as a result of the roof leaking, the electrical wiring cable that was on the outside of the house began to come apart. Finally, the defendant testified that the toilet had sunk into the bathroom floor and that the bathtub was tilting. Rogers also testified that the roof on the house was leaking and that the floors were deteriorating. In addition, the plaintiff testified that he knew that the roof was leaking, but that he was waiting to get it repaired.

"[E]vidence is not insufficient . . . because it is conflicting or inconsistent. [The fact finder] is free to juxtapose conflicting versions of events and determine which is more credible. . . . It is the [fact finder's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses. . . . The [fact finder] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject." (Internal quotation marks omitted.) *State* v. *Gauthier*, 73 Conn. App. 781, 787, 809 A.2d 1132 (2002), cert. denied, 262 Conn. 937, 815 A.2d 137 (2003). Accordingly, it was not unreasonable for the court to find that repairs and maintenance were required on the former marital home.

### III

The plaintiff next claims that there was "no evidence as to what was done to repair any of these items, nor was there any evidence of the cost to repair the items or maintain the dwelling." We disagree.

In its oral decision, the court stated that the "expenditures undertaken were actually undertaken for the

repair at the house" and found that repairs were needed to the kitchen and dining room floors, the cabinets, the bathroom, the roof and the back and side walls of the house. The court based its decision on the testimony of the defendant and on Rogers' observations, as well as on the appraisal that was performed on the house.

We conclude that there was sufficient evidence to support the court's finding. As noted in part II of this opinion, the court had sufficient evidence before it to find that the house needed significant maintenance and repair. The defendant and Rogers testified that the defendant had the roof and windows replaced, as well as the dining room and kitchen floors. In addition, Rogers testified that the defendant had the bathroom replaced, as well as the entire back wall of the house and part of the side wall. Accordingly, there was sufficient evidence before the court for it to determine what repairs were performed on the house.

In addition, the court had sufficient evidence to determine the cost of those repairs. The defendant admitted into evidence, without objection, a document containing the cost of each repair that she had performed on the house. The plaintiff stipulated that the defendant had a receipt for each item that was reflected in the document. Rogers testified that each item contained in the document reflected the cost incurred by the defendant in repairing and maintaining the former marital home. Accordingly, there was sufficient evidence before the court for it to determine the cost of the repairs and maintenance on the home.

The judgment is affirmed.

In this opinion the other judges concurred.