HEATHER M. BROWN *v.* RIDGELY W. BROWN
(AC 18979)

Foti, Flynn and Daly, Js.

Argued January 16—officially released April 16, 2002

*Ridgely W. Brown,* pro se, the appellant (defendant).

*Reuben S. Midler,* for the appellee (plaintiff).

*Opinion*

DALY, J. This is an appeal from the denial of the application of the defendant, Ridgely W. Brown, for a temporary order restraining the plaintiff, Heather M. Brown, from relocating their children to a neighboring town and enrolling them in that town's school system in contravention of the parties' dissolution judgment.[1] The defendant claims that the court improperly relied on *Ireland* v. *Ireland,* 246 Conn. 413, 717 A.2d 676 (1998) (en banc), in denying his application.[2] We conclude that the defendant's claim is moot and, therefore, we do not have subject matter jurisdiction over this appeal. Accordingly, we dismiss the appeal.

The following facts are pertinent to the defendant's appeal. The parties' marriage was dissolved on May 19, 1997. Pursuant to an agreement of the parties that was incorporated into the dissolution decree, the court ordered joint custody of the parties' four minor children and set out a visitation schedule. It was contemplated

[1] At the outset, we acknowledge that "decisions either granting or denying temporary injunctions are not final judgments and are therefore not immediately appealable." *Doublewal Corp.* v. *Toffolon,* 195 Conn. 384, 389, 488 A.2d 444 (1985). In this case, the defendant's application for a temporary injunction is more appropriately considered in the nature of a temporary custody request, as he sought to have the children live with him during the school week. Under the rationale of *Madigan* v. *Madigan,* 224 Conn. 749, 754–55, 620 A.2d 1276 (1993), therefore, the trial court's ruling is an appealable final judgment.

[2] In his brief, the defendant also challenges the court's order granting the plaintiff's application for relief from abuse. During the pendency of this appeal, the plaintiff filed a motion to dismiss the appeal. This court dismissed the portion of the appeal challenging the plaintiff's application for relief from abuse and, therefore, we do not address that issue.

that the plaintiff would reside at 29 Brookside Road, Darien, next door to the former family residence at 25 Brookside Road, where the defendant would remain. In August, 1998, the plaintiff sold her Darien residence and moved to New Canaan, approximately 3.8 miles away. The plaintiff removed the children from the Darien school system and enrolled them in the New Canaan school system. The defendant filed an application for a temporary injunction to restrain the plaintiff from moving the children and withdrawing them from the Darien school system.

Following a hearing on the defendant's application, the court found that the reason for the move was legitimate because one son is autistic and requires special education that is not available in Darien. He previously had been enrolled in a therapeutic day program at the Cooperative Education Services some twenty-five minutes away. One of the other children also is benefiting from the New Canaan special education program. The court found that all of the children have benefited from the move because the school is only two miles from their New Canaan residence.

In this appeal, the defendant concedes that it is in the best interests of the children to remain in the New Canaan school system. The defendant also indicated that he plans to move to New Canaan to be available for the children. The defendant asserts that this appeal is not moot, however, because he cannot permit the *Ireland* mode of analysis to be the law of the case in the event that there are further attempts at relocation.

"Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the

granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When . . . events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *M.J. Daly & Sons, Inc.* v. *West Haven,* 66 Conn. App. 41, 52, 783 A.2d 1138, cert. denied, 258 Conn. 944, 786 A.2d 430 (2001). "[E]ven if the factual issues to be determined lead to the conclusion that the appeal is moot because no practical relief is available, the appeal may nevertheless be heard under an exception that the issues on appeal are capable of repetition, yet evading review. See *Loisel* v. *Rowe,* 233 Conn. 370, 388, 660 A.2d 323 (1995). . . .

"Our cases reveal that for an otherwise moot question to qualify for review under the capable of repetition, yet evading review exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Citation omitted; internal quotation marks omitted.) *In re Jeffrey C.,* 64 Conn. App. 55, 65, 779 A.2d 765, cert. granted on other grounds, 258 Conn. 924, 783 A.2d 1027 (2001).

Although the defendant claims that the court improperly applied the *Ireland* standard to this case, he agrees with the court that it is in the best interests of the children to remain in the New Canaan school system, and he plans to relocate to New Canaan to be available for the children. There was nothing in the judgment prohibiting the plaintiff from moving from Darien, and the defendant's statement concerning his satisfaction with the New Canaan school system and his intention to relocate there in the future leads to the conclusion that the appeal is moot. We further determine that the issue before the court is not capable of repetition, yet evading review and, therefore, does not qualify for review under that exception to the mootness doctrine as enunciated in *Loisel* v. *Rowe,* supra, 233 Conn. 388.

The appeal is dismissed.

In this opinion the other judges concurred.