[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The respondents, the East Haddam Inland Wetlands and Watercourses Commission (IWC) and its members, move to dismiss an application for temporary injunction filed by the applicants, Goodspeed Airport, LLC, Timothy Mellon, and Timothy Evans d/b/a Evans Contracting. The stated basis for this motion to dismiss is a failure to exhaust administrative remedies.
A brief history of interrelated litigation among the parties is necessary. In April 2001, James Ventres, enforcement officer for the IWC, commenced a cease and desist order enforcement action on behalf of the IWC against the applicants seeking injunctive relief, civil penalties, attorney's fees, and costs pursuant to General Statutes §22a-44 (b) and (c) for alleged violations of wetlands statute sound regulations. see Ventres v. Goodspeed Airport, LLC, Complex Litigation Docket at Tolland, X07-CV01-76812. In response, in July 2001, the applicants began an action against the respondents alleging violations of42 U.S.C. § 1983, violations of General Statutes §§ 22a-44 and22a-42 (c), and violations of the state constitution requesting declaratory and injunctive relief, compensatory damages, punitive damages, attorney's fees, and costs. On November 14, 2002, the applicants filed the application for a temporary injunction which is the subject of this motion to dismiss.
The court grants the motion to dismiss but on a different basis than the failure to exhaust alternative remedies. The grounds for the applicants' request for a temporary injunction is that while Ventres v.Goodspeed Airport, supra, has been pending, they have prepared a bona fide and efficacious remediation plan which would rectify any inland wetlands damage caused by them, but they lack a forum before whom to seek approval. This is so because a sufficient number of IWC members have disqualified themselves from action on this matter resulting in the absence of a quorum. The applicants contend that this lack of a quorum deprives them of the opportunity to remediate any damage and curtail the CT Page 48 accumulation of the civil penalties sought under Ventres v. GoodspeedAirport, supra.
The prior pending action doctrine permits a court to dismiss a later case that raises issues currently pending in another case before the court. Grimm v. Grimm, 74 Conn. App. 406, 411 (2002). It is immaterial that the positions of plaintiff and defendant are reversed in the second case. Nielsen v. Nielsen, 3 Conn. App. 679, 683 (1985). The court holds that the issue of the inability of the applicants to present their remediation plan to the IWC for approval will necessarily be fully litigated in the pending action ofVentres v. Goodspeed Airport, supra.
As noted above, the plaintiffs in Ventres v. Goodspeed Airport, supra, seek to enforce a cease and desist order by the specter of the imposition of fines for continued violation of wetlands laws under the provisions of § 22a-44 (b) and (c). The court has previously dismissed the respondent's claim for penalties under § 22a-44 (c) because that subsection creates criminal and not civil sanctions.
Subsection 22a-44 (b) confers the discretion upon the superior court to impose civil fines of zero to $1000 per violation against any person "who commits, takes part in, or assists in any violation of any provision of section 22a-36 to 22a-45, inclusive." In determining whether such continued violations exist, the court will be required, in that case, to evaluate the conduct of the defendants, including their efforts to remediate. Also, in exercising its discretion with respect to the amount of any fines for violations which are found to exist, the court will be bound to assess the culpability of the parties, including attempts to mitigate any damage to wetlands: The unavailability of the IWC to approve the applicant's plans would appear to have a significant impact in both the determination of whether a continued violation has occurred and the penalty which ought to attach if such violations occurred.
Consequently, the court concludes that the issues surrounding this application for temporary injunction will be fully considered and resolved in the pending case of Ventres v. Goodspeed Airport, supra. The motion to dismiss is granted based on the prior pending case doctrine.
 ___________________ J. Sferrazza
CT Page 49