[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO RESTORE TO DOCKET #122
On June 11, 2001, the plaintiff filed a one-count complaint against the defendant, seeking payment of a debt allegedly evidenced by a premium finance agreement. On December 14, 2001, the plaintiff filed a motion for summary judgment which was granted by the Court, Thompson, J., on January 7, 2002. The plaintiff then executed a garnishment of $22,085.90 against the defendant's bank account.
The defendant thereupon filed a motion to open, which the undersigned initially denied. Following the granting of re-argument, however, the undersigned granted the motion to open on October 3, 2002. Four days later, the plaintiff withdrew the action, and on October 24, 2002, the defendant filed the present motion to restore the action to the docket, along with a motion for sanctions and a motion to return the $22,085.90.
The defendant argues that the court should not countenance the plaintiff's actions, which leave the plaintiff in possession of disputed funds without benefit of a judgment and would, if the relief it now seeks is not granted, force the defendant to bring its own action to try to rectify the situation. The defendant also states that the withdrawal of action form filed by the plaintiff attributed the withdrawal to a "discussion of the parties of their own," when in fact the parties did not discuss settlement or enter into a settlement agreement, thus misrepresenting the status of the circumstances surrounding the withdrawal.
The plaintiff contends that, prior to the withdrawal, the defendant's counsel did indeed approach plaintiff's counsel to inquire whether the plaintiff was interested in discussing a settlement, but that the plaintiff declined the defendant's offer to negotiate a settlement because the judgment had already been satisfied. Additionally, the plaintiff, at oral argument, contended that it was entitled to keep the disputed funds because "possession is nine-tenths of the law."[1]
CT Page 3293
General Statutes § 52-80 provides in pertinent part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."
One possible response to the present situation is to conclude that because there was never a hearing on the merits, the plaintiff's right to withdraw is absolute. "`[A] hearing can be a proceeding in the nature of a trial with the presentation of evidence, it can be merely for the purpose of presenting arguments, or, of course, it can be a combination of the two . . . Not only does a hearing normally connote an adversarial setting, but usually it can be said that it is any oral proceeding before a tribunal . . . Our cases consistently recognize the generally adversarial nature of a proceeding considered a hearing, in which witnesses are heard and testimony is taken.'" Tevolini v. Tevolini,66 Conn. App. 16, 24, 783 A.2d 1157 (2001), quoting Rybinski v. StateEmployees' Retirement Commission, 173 Conn. 462, 469-70, 378 A.2d 547
(1977).
In Barra v. Ridgefield Card Gift Gallery, Ltd., 194 Conn. 400,405, 480 A.2d 552 (1984), the Supreme Court held that the trial court erred by not requiring the plaintiff to seek leave of court before he withdrew his action. The court found that, where the plaintiff sought to withdraw his corporate windup petition, the "commencement by the [court appointed] appraiser of the procedures to be followed in arriving at his appraisal" constituted a "commencement of a hearing" under § 52-80. (Internal quotation marks omitted.) Id., 404.
In Colandrea v. Eastland Properties Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 90 0033271 (September 3, 1992, McGrath, J.) (7 Conn.L.Rptr. 281, 7 C.S.C.R. 1090, 1091), however, the court determined that the plaintiff had an unfettered right to withdraw his amended complaint after a prejudgment remedy hearing pursuant to General Statutes § 52-278a. The court reasoned that "a prejudgment remedy proceeding [is] only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of the action . . . The standard is whether or not there is probable cause to sustain the validity of the plaintiff's claim." (Citation omitted; internal quotation marks omitted.) Id.
Similarly, in Murray v. IBM Corp. , Superior Court, judicial district CT Page 3294 of Stamford-Norwalk at Stamford, Docket No. CV 90 0107653 (February 27, 1991, Katz, J.) (3 Conn.L.Rptr. 290), the court analyzed a plaintiff's right to withdraw pursuant to § 52-80 where the court had already conducted a hearing in response to the defendant's motion to dismiss. In determining that the motion to dismiss hearing was not a hearing on the merits, the court noted that although there was a "full evidentiary hearing over several days with several witnesses [the motion to dismiss hearing] was still a limited hearing on a limited issue and cannot be transposed into a hearing on the merits." Id. The court reasoned that courts "may and indeed [are] often obligated to decide questions of law raised as preliminary motions prior to trial [yet] questions of fact . . . are generally reserved until the time of trial . . . The phrase `hearing on the merits' refers to the trial of the issues of fact raised by the complaint and `joined' by the answer to the complaint." Id. As a result, the court determined that the plaintiff did not need leave of court to withdraw his action pursuant to § 52-80.
In Grimm v. Grimm, 74 Conn. App. 406, 408, 812 A.2d 152 (2002), the trial court, in an effort to begin trial, had ordered the plaintiff to take the witness stand and testify to one fact. As soon as the plaintiff had answered one question, the court suspended trial. Subsequently, the plaintiff withdrew her action and the defendant sought to have the withdrawal vacated. The court found that, "no matter how brief, the plaintiff's testimony signified the commencement of a hearing on the merits of her complaint." Id., 410. As a result, the court concluded that the plaintiff had no right to withdraw her action without leave of court.
In this case, the motion for summary judgment was granted "on the papers" without any testimony or any kind of "hearing" in court. Indeed, the motion itself specifically stated that it sought neither the right to present oral argument nor the right to present testimony. The defendant filed no memorandum in opposition, no witnesses testified, and no arguments were made. Moreover, even though the summary judgment had been rendered "on the merits," that judgment was later vacated, and the parties had been returned to the situation as it stood prior to the granting of summary judgment. Thus, the "hearing on the merits" rule did not require the plaintiff to seek leave of court before withdrawing the action.
This, however, is not the end of the inquiry, as allowing the withdrawal to stand clearly works an injustice on the defendant. Useful guidance as to how to deal with such a situation is to be found inSicaras v. Hartford, 44 Conn. App. 771, 775-76, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997), where the plaintiff utilized CT Page 3295 his right to withdraw under § 52-80 before a judgment was rendered. The parties had agreed to a withdrawal of the action when they signed a pretrial settlement agreement. Approximately ten months later, the parties disagreed about the language of the settlement agreement and the defendant moved to restore the case to docket so that the court could enforce the settlement agreement. The trial court granted the defendant's motion to restore and rendered judgment enforcing the agreement. The Appellate Court affirmed the trial court's ruling and found that although the plaintiff had the right to withdraw his action under § 52-80
without leave of court, the trial court's granting of the defendant's motion to restore to the docket should be affirmed because that action was a proper use of its discretion. See, also, Audubon Parking AssociatesLtd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 626 A.2d 729
(1993), which upholds the inherent right of a court to restore a case to the docket and enforce a settlement agreement as a judgment, despite the fact that the case had been withdrawn as a part of the settlement.
"There is no reason why the court has not jurisdiction upon a proper showing to restore to the active docket a case which has been voluntarily withdrawn, just as it can open a judgment or restore to the docket a case which has been erased." (Internal quotation marks omitted.) Gattoni v.Zaccaro, 52 Conn. App. 274, 280, 727 A.2d 706 (1999). The defendant has made such a showing here. Although the plaintiff had obtained what was then a valid judgment and had executed upon it, that judgment was subsequently opened and vacated. The result of that action should have been a return to the status quo prior to the entry of the now vacated judgment. Between the granting and the opening of the judgment, however, the plaintiff took possession of over $22,000 of the defendant's money. By withdrawing the action before the defendant had the opportunity to proceed to a trial on the merits or seek restoration of its funds, the plaintiff deprived it of the opportunity to litigate the crucial issue of which party had the right to those funds.
In Byrd v. Leszcynski, Superior Court, judicial district of Hartford, Docket No. CV 96 0564251 (August 25, 2000, Berger, J.) (28 Conn.L.Rptr. 88), Judge Berger carefully analyzed those judicial decisions examining the relationship between § 52-80 and a motion to restore to the docket. In Byrd, the court was faced with the possible misuse of a withdrawal after the plaintiff had been precluded from calling three expert witnesses he had disclosed on the eve of trial. The plaintiff, in an apparent attempt to circumvent the court's preclusion of his expert witnesses, withdrew his case and filed a second suit with essentially the same causes of action. In granting the defendant's motion to reinstate the original cause of action, the court held that "[t]he plaintiff's tactical use of the withdrawal constituted an abuse of the litigant's CT Page 3296 privilege, especially when it was used solely to avoid an order of the court, and it clearly [had] a prejudicial effect on the opposing side."Id., 89. The court went on to state that "[t]o allow litigants to disingenuously utilize General Statutes § 52-80, after receiving a negative result, is clearly questionable." This is especially so when "`the court's rulings . . . were the major, if not the only, reason for the withdrawal . . .'" Id., quoting Nationwide Mutual Ins. Co. v.Blesso, Superior Court, judicial district of New Britain, Docket No. 98 0485520 (May 11, 1999, Shortall, J.) (24 Conn.L.Rptr. 541, 542.)
Thus, regardless of whether the plaintiff had an "absolute" right to withdraw or was required to seek leave of court to withdraw, the court, in its discretion, has the authority to restore the action to the docket. In the present case, the plaintiff acquired money from the defendant through judicially authorized means following the entry of a judgment, but although the judgment through which the plaintiff acquired that money has been opened, the plaintiff has refused to return the funds. By withdrawing its case, the plaintiff was able to avoid an order of the court that was detrimental to it and also to retain funds the right to which has still not been judicially established. As a result, "[t]he plaintiff's tactical use of the withdrawal constituted an abuse of [its] privilege, especially [because the withdrawal] was used solely to avoid an order of the court, and it clearly has a prejudicial effect on the [defendant]." Byrd v. Leszcynski, supra, 28 Conn.L.Rptr. 89.
This court therefore exercises its discretion in favor of granting the defendant's motion to restore the case to the docket. Further, the plaintiff is ordered to return the $22,085.90 to the defendant, consistent with this court's decision to open the judgment on October 3, 2002. No other sanctions are awarded.
Jonathan E. Silbert, Judge