## OSCAR MELENDEZ *v.* COMMISSIONER
## OF CORRECTION
## (AC 33513)

Gruendel, Beach and Alvord, Js.

Argued January 7—officially released April 9, 2013

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Susann E. Gill*, supervisory assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Gerard P. Eisenman*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Oscar Melendez, appeals following the denial of his petition for certification to appeal from the habeas court's judgment denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and committed plain error when it refused to grant his oral request to withdraw his habeas petition. We dismiss the appeal.

In December, 2000, the petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a (a) in connection with a 1998 incident. He was sentenced to thirty years incarceration. The petitioner's conviction was affirmed on direct appeal. *State* v. *Melendez*, 74 Conn. App. 215, 811 A.2d 261 (2002), cert. denied, 262 Conn. 951, 817 A.2d 111 (2003).

The petitioner filed a writ of habeas corpus in 2004, and withdrew it. In July, 2008, the then self-represented petitioner filed a second writ of habeas corpus. In July, 2009, the petitioner's motion for appointment of counsel was granted. In January, 2011, the petitioner, through counsel, filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of his trial counsel.

Trial was scheduled to commence on April 27, 2011. On that day, the court began by asking if there were any preliminary matters before the start of evidence.

The petitioner stated that he wanted to "withdraw" and proceeded to explain to the court that his habeas counsel had not effectively communicated with him. During the canvass that followed, the petitioner asked: "[I]t's not withdrawing the whole habeas in totality, but it's withdrawing from my attorney, right?" The court responded that it would not discharge the petitioner's attorney because there had been no motion to that effect and because it was the day of trial. The petitioner continued: "I don't want to lose out on my habeas, do you understand?" He further stated: "I more or less want to withdraw—you know, so I will be able to have another lawyer represent me . . . ." The court interpreted these statements as a request to discharge counsel and to continue the case. The court denied that request. The court reasoned that the petitioner had a history of attempting to delay his case by discharging attorneys, and that he had filed a motion to withdraw counsel in a prior habeas action and then had withdrawn the petition.

The court stated, "[w]e shall go forward with the case," and asked the petitioner's counsel if he wanted to call witnesses. The petitioner interrupted: "I'm not going through with this. I can't go through with it. I'm not going through with this." The following exchange then occurred:

"[The Petitioner's Counsel]: I believe my client wishes to withdraw, Your Honor, at this point.

"The Court: All right, well we've kind of been through this. I'm not convinced that he wants to withdraw, but I will ask him the questions again. Although, I think we are just going in circles here. Mr. Melendez, do you want to withdraw this habeas petition?

"The Petitioner: *I want to withdraw from my attorney. . . .*

"The Court: Sir, I have already ruled on this. The question is: Do you want to go forward with the petition today or do you want to withdraw the petition?

"The Petitioner: See, that's not what I'm understanding.

"The Court: Those are your options, sir.

"The Petitioner: I'm not understanding, sir. If it could be explained to me, I'm not understanding it.

"The Court: I think I did explain it to you and your attorney has explained it to you, sir. I have denied your motion to continue the case. So–

"The Petitioner: So, in order for it to be over, I could just withdraw and *I'm out of here*?" (Emphasis added.)

The court explained to the petitioner that he could withdraw his petition, but explained that if he later tried to refile a petition, he likely would encounter significant difficulties. The court, very plainly and patiently, asked the petitioner if he wanted to withdraw his petition at that time or to proceed with his petition. The petitioner again showed his confusion and stated that he wanted to "withdraw." The court asked again if he wanted to withdraw his petition. The petitioner responded: "Yes, I want to withdraw from my lawyer, but I can't do that that's been denied; so it's obvious my petition, sir." The court then again canvassed the petitioner. The court asked the petitioner if he wanted to withdraw his petition, to which the petitioner responded: "Yes." The court asked the petitioner if he was withdrawing his petition voluntarily, to which the petitioner said: "Yes, but I wanted to withdraw my lawyer that was my whole thing." When the court asked if anyone was forcing him to choose to withdraw his petition, the petitioner stated: "I don't feel comfortable making the choice I'm making because I would like to have an attorney . . . ." The

court concluded that it was not accepting the withdrawal because it was not voluntary and the court did not want to force the petitioner to withdraw his petition.

The court stated that the habeas trial would proceed that day and that the petitioner, through counsel, may call any witnesses he would like. The petitioner, who was the only witness his counsel intended immediately to call to the witness stand, refused to testify. The respondent, the commissioner of correction, did not present any evidence. The court denied the habeas petition because no evidence had been presented to prove the petitioner's claims. The petitioner filed a petition for certification to appeal, which the court denied. This appeal followed.

The petitioner claims that the court erred in denying his petition for certification to appeal. He also claims that the court committed plain error when it refused to grant his oral request for withdrawal because he had an absolute right to withdraw his habeas petition pursuant to General Statutes § 52-80, and that no exception to this absolute right applied. The petitioner further argues that, at the April 27, 2011 hearing, he knew what he was requesting and that he requested to withdraw his habeas petition. The petitioner requests that this court correct the record to reflect a withdrawal, rather than a decision on the merits.

"The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion . . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a

habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; internal quotation marks omitted.) *Norton* v. *Commissioner of Correction*, 132 Conn. App. 850, 853–54, 33 A.3d 819, cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

The petitioner has not demonstrated that the court's denial of his petition for certification to appeal was an abuse of discretion. The petitioner did not raise his claim regarding § 52-80 before the habeas court and did not raise his claim of plain error in his petition for certification to appeal; rather, he asserted error as follows: "1. Habeas court abused its discretion in denying the claims of ineffective assistance of counsel. 2. Attorney failed to include all claims." The court could not abuse its discretion in denying the petition for certification about matters that the petitioner never raised. See *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004) (habeas court did not abuse discretion in denying certification to appeal where petitioner did not raise claim of plain error in petition for certification), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005).

Additionally, reversal is not warranted in the circumstances of this case under the plain error doctrine. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it

affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . .

"[When] we review claims of plain error . . . [f]irst, we must determine whether the court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . [T]his inquiry entails a relatively high standard, under which it is not enough for the [party seeking plain error review] simply to demonstrate that [his] position is correct. Rather, the party seeking plain error review must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal. . . .

"In addition, although a clear and obvious mistake on the part of the trial court is a prerequisite for reversal under the plain error doctrine, such a finding is not, without more, sufficient to warrant the application of the doctrine. Because [a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice . . . under the second prong of the analysis we must determine whether the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust. . . . Only if both prongs of the analysis are satisfied can the appealing party obtain relief." (Citation omitted; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 204–205, 982 A.2d 620 (2009).

Section 52-80 provides in relevant part: "The plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . .

only by leave of court for cause shown." If the requisite hearing has not commenced, then the plaintiff's right to withdraw is "absolute and unconditional." (Internal quotation marks omitted.) *Daigneault* v. *Consolidated Controls Corp./Eaton Corp.*, 89 Conn. App. 712, 714, 875 A.2d 46, cert. denied, 276 Conn. 913, 888 A.2d 83 (2005), cert. denied, 546 U.S. 1217, 126 S. Ct. 1434, 164 L. Ed. 2d 137 (2006). If, however, a hearing on an issue of fact has commenced, then, the action cannot be withdrawn without the court's permission. *Grimm* v. *Grimm*, 74 Conn. App. 406, 409, 812 A.2d 152 (2002), cert. denied, 263 Conn. 911, 821 A.2d 766 (2003).

Here, there is a lack of clarity as to whether a "hearing on the merits" had commenced at the time the request to withdraw the habeas petition was finally denied. The case was scheduled to begin to be heard on its merits, and, as argued by the respondent, the court did not finally deny the request until after it had called for the testimony of the first witness. In addition, if any error occurred, it also was not plain error because it is not clear and obvious from the record what the petitioner was requesting. When the court inquired as to the petitioner's first request, the petitioner asked, "[I]t's not withdrawing the whole habeas in totality, but it's withdrawing from my attorney, right?" He further stated: "I more or less want to withdraw—you know, so I will be able to have another lawyer represent me . . . ." The court interpreted this request as one to discharge counsel and to continue the case.

In the context of the second request, when the court asked the petitioner if he wanted to withdraw his habeas petition, after the court had asked for the first witness to testify, the petitioner stated: "I want to withdraw from my attorney." The petitioner indicated numerous times that he was confused with the choices presented to him of proceeding with the hearing or withdrawing his petition. At one point, the petitioner stated: "Yes, I want to withdraw from my lawyer, but I can't do that

that's been denied; so it's obvious my petition, sir."
During the canvass, the petitioner answered affirma-
tively when the court asked him if he wanted to with-
draw his petition, but stated that he wanted to discharge
counsel because "that was my whole thing." Even aside
from the canvass, which the petitioner argues infringed
on a claimed absolute ability to withdraw his petition,
the petitioner's responses were less than clear. The
court quite clearly was attempting to preserve the peti-
tioner's ability to have his case decided on the merits.
The effort to preserve the ability to proceed on the
merits quickly came to naught only because the peti-
tioner refused to testify.

The petitioner contends that the response, "Yes, I
want to withdraw from my lawyer, but I can't do that
that's been denied; so it's obvious my petition, sir,"
should be interpreted as a clear request to withdraw his
habeas petition. This isolated portion of the transcript
supports the proposition that the petitioner wanted to
withdraw the petition; the transcript as a whole, how-
ever, shows vacillation and lack of appreciation of the
consequences. Because the request was not clear nor
was it clear that the hearing had not commenced, there
was no clear error. In addition, in the circumstances
here, the court's action was not "fundamentally unfair
or manifestly unjust." *Crawford* v. *Commissioner of
Correction,* supra, 294 Conn. 205. The plain error doc-
trine is invoked sparingly and is reserved for truly
extraordinary situations. Id., 204. The petitioner's claim
does not present the type of extraordinary circum-
stances that would warrant application of the plain
error doctrine.

The appeal is dismissed.

In this opinion the other judges concurred.