******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEFF BLAKE *v.* COMMISSIONER OF CORRECTION
(AC 34724)

DiPentima, C. J., and Bear and Peters, Js.*

*Argued March 10—officially released June 3, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Natalie Olmstead*, assigned counsel, for the appellant (petitioner).

*Adam E. Mattei*, deputy assistant state's attorney,
with whom, on the brief, were *John C. Smriga*, state's
attorney, and *C. Robert Satti, Jr.*, supervisory assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jeff Blake, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal because the court improperly (1) precluded him from questioning the victim about whether she heard voices on or about the date of the sexual assault, and (2) concluded that there was no merit to his claim of ineffective assistance of trial counsel. We dismiss the petitioner's appeal.

The facts involving the petitioner's crimes are set forth in his direct appeal; *State* v. *Blake*, 106 Conn. App. 345, 942 A.2d 496, cert. denied, 287 Conn. 922, 951 A.2d 573 (2008). Following his conviction and his direct appeal, the petitioner, on February 2, 2012, filed his third amended petition for a writ of habeas corpus claiming in relevant part that his trial attorney provided ineffective assistance during the petitioner's criminal trial. After the habeas trial, the court denied the petition for a writ of habeas corpus. Thereafter, the petitioner filed a petition for certification to appeal pursuant to General Statutes § 52-470, which the court denied.[1] This appeal followed.

"We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), we concluded that . . . § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), we incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying

claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Emphasis in original; internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 214–15, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013). Having set forth the appropriate standard of review, we next consider the petitioner's claims.

I

The petitioner asserts that his "primary issue" on appeal is that the habeas court abused its discretion when it precluded him from questioning the victim during the habeas trial about whether she heard voices on or about the date of the sexual assault. He argues that this testimony was "necessary" and that it was "[t]he only way to prove" his claim that trial counsel rendered ineffective assistance by (1) deficiently arguing the petitioner's motion for an in-camera review of the victim's mental health records, and (2) deficiently cross-examining the victim regarding whether she heard voices on or about the date of the sexual assault. We are unable to conclude that the court abused its discretion in denying the petition for certification to appeal as to this issue because the petitioner did not set forth this issue in the petition for certification to appeal. See footnote 1 of this opinion. Because the petitioner also concedes that the testimony of the victim at the habeas trial was "[t]he only way to prove" his first two claims of deficient performance, we also conclude that his first two claims of ineffective assistance of trial counsel merit no discussion because they are conceded to be foreclosed by the habeas court's decision to preclude him from questioning the victim.

"As our standard of review set forth previously makes clear, an appeal following the denial of a petition for certification to appeal from the judgment denying a petition for a writ of habeas corpus is not the appellate equivalent of a direct appeal from a criminal conviction. Our limited task as a reviewing court is to determine whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous. Thus, we review whether the issues for which certification to appeal was sought are debatable among jurists of reason, a court could resolve the issues differently or the issues are adequate to deserve encouragement to proceed further. . . . Because it is impossible to review an exercise of discretion that did not occur, we are confined to reviewing only those issues which were brought to the habeas court's attention in the petition for certification to appeal." (Citation omitted.) *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 216; see *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004) (habeas court could not have abused discretion in denying petition for certification to appeal because claim at issue was

not raised in petition for certification to appeal), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005); see also *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841, 62 A.3d 629 (improper to consider issues not raised distinctly before habeas court in petition for certification to appeal), cert. denied, 310 Conn. 921, 77 A.3d 143 (2013); *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011) (consideration of issues not distinctly raised in petition for certification to appeal would amount to ambuscade of habeas judge). Accordingly, this claim is not reviewable.

II

The petitioner also claims that the court erred in concluding that counsel did not render deficient performance during closing argument by failing to argue that the underwear alleged to be the victim's, which contained the petitioner's DNA, actually belonged to the victim's mother, with whom the petitioner had had a sexual relationship, or by failing to argue that the location of semen on the underwear was inconsistent with the sexual assault described by the victim. We disagree, and we conclude that the habeas court properly denied the petition for certification to appeal with regard to this claim.

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . . To satisfy the prejudice prong for ineffective assistance claims resulting from guilty verdicts, the petitioner must demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 123 Conn. App. 121, 127–28, 2 A.3d 29, cert. denied, 298 Conn. 929, 5 A.3d 489 (2010), cert. denied sub nom. *Greene* v. *Arnone*, U.S.     , 131 S. Ct. 2925, 179 L. Ed. 2d 1248 (2011).

In this case, the habeas court specifically found that trial counsel *had argued* to the jury that the petitioner's semen was located on the backside of the underwear, and, thus, that the petitioner had failed to prove that counsel was deficient for failing to argue this. Additionally, the habeas court found that the petitioner had not presented *any evidence* that would show that the failure to argue that the underwear belonged to the victim's

mother and not to the victim constituted deficient performance or caused him to suffer prejudice.[2] We conclude that the petitioner has not demonstrated that counsel's representation fell below an objective standard of reasonableness.

Accordingly, after a thorough review of the record, we conclude that the habeas court properly concluded that the petitioner failed to sustain his burden of demonstrating that his trial counsel rendered ineffective assistance. The petitioner failed to establish that the issues he raised are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions he raised are adequate to deserve encouragement to proceed further. See *Tutson* v. *Commissioner of Correction*, supra, 144 Conn. App. 215. We conclude therefore that the court did not abuse its discretion in denying the petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus.

The appeal is dismissed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] In his petition for certification to appeal, the petitioner requested "certification to appeal the following legal issue[s]: (1) Whether the petitioner's constitutional right to the effective assistance of trial counsel was violated; and (2) Whether the petitioner's constitutional right to the effective assistance of appellate counsel was violated; and (3) Whether the petitioner's constitutional rights were violated when the state engaged in prosecutorial misconduct." We note that the petitioner has not briefed any claims related to the last two legal issues. Therefore, they are deemed abandoned.

[2] The petitioner does not allege that there actually was evidence presented during the criminal trial that the underwear belonged to the victim's mother. Additionally, although the petitioner argues that the underwear was a "size 8" and that it was too large to belong to the victim, during the habeas trial, he neither asked the victim's mother, nor attempted to ask the victim, about the ownership of the underwear.