******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KELLER, J., concurring. I agree with the majority's dismissal of the petitioner's appeal. The majority properly concludes that the petitioner, Eugene Foote, Jr., has failed to demonstrate that the habeas court abused its discretion when it denied his petition for certification to appeal. This is because the petitioner's claim in this regard is based on a question, related to the propriety of the habeas court's response to his request for new counsel, which was not brought to the attention of the habeas court at the time that it ruled on his petition for certification to appeal. I respectfully disagree with the majority, however, insofar as it, in accordance with the petitioner's appellate brief, has analyzed this claim under the plain error doctrine.[1]

General Statutes § 52-470 (g) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." One of the goals of this legislative enactment was "to limit the number of appeals filed in criminal cases and hasten the final conclusion of the criminal justice process . . . ." *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699, 699 A.2d 1003 (1997).

Our courts have held that the inherent limitation on the statutory right to appeal that arises by operation of § 52-470 (g) "acts as a limitation on the *scope of review*, and not the jurisdiction, of the appellate tribunal." (Emphasis added.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011); see also *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 696–97.

Appellate review in cases such as the present is carefully circumscribed by our decisional law. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "A petitioner may establish

an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court *could* resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009).[2]

Equally well settled in our decisional law is that a petitioner is unable to demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of questions that were not raised distinctly before the habeas court at the time that it considered the petition for certification to appeal. See *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216–17, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013), and cases cited therein. This principle is grounded in sound considerations related not only to the orderly progress of the trial, but in avoiding an appellate ambush of the habeas court which, at the time that it considers a petition under § 52-470 (g), reasonably may be expected to rely solely on those questions that have been brought to its attention by a petitioner seeking remedy by way of an appeal.

In adherence to the foregoing authority, I do not believe that this court should entertain the petitioner's claim of plain error. The claim of plain error is based on events that occurred during the petitioner's habeas trial and, thus, could have been raised in his petition for certification to appeal. Because our scope of review is limited to a review of the habeas court's exercise of discretion in denying the petition for certification to appeal, I do not believe that our review permissibly extends to claims of plain error that are extrinsic to that issue. See *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841, 62 A.3d 629 (reasoning that "[t]he court could not abuse its discretion in denying the petition for certification about matters that the petitioner never raised" and that petitioner "did not raise his claim of plain error in his petition for certification to appeal"), cert. denied, 310 Conn. 921, 77 A.3d 143 (2013).

In support of its analysis, the majority cites to *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 526, 911 A.2d 712 (2006), a decision that warrants discussion. The petitioner in *Ajadi* appealed to our Supreme Court following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. Id., 516. On appeal, the petitioner raised a claim of plain error, specifically, that the judge that presided over his habeas trial, dismissed his petition for a writ of habeas corpus, and denied his petition for certification to appeal, should have disqualified himself on the ground that

he previously had served as a lawyer in the matter in controversy. Id., 525–29. The petitioner did not raise this claim of plain error in connection with his petition for certification to appeal and, in fact, did not raise the claim before the habeas court. Id., 526. Our Supreme Court, however, observed that "the petitioner was not present at the hearing on the commissioner's motion to dismiss and did not become aware of the identity of the habeas judge until *after* the habeas proceedings had concluded completely." (Emphasis in original.) Id., 531. Furthermore, the court concluded that plain error had occurred because the habeas judge "presided over a habeas petition that initially had alleged, in relevant part, that his own prior representation of the petitioner was so deficient that it deprived the petitioner of counsel in violation of the sixth amendment to the federal constitution" and, thus, that "a reasonable person would question [the habeas judge's] impartiality under the present circumstances . . . ." Id., 529.

Although the court in *Ajadi* afforded plain error review to an unpreserved claim of judicial misconduct, one that was not raised in connection with the petitioner's petition for certification to appeal, I hesitate to interpret *Ajadi* as sanctioning unpreserved plain error review in *all* appeals in which a habeas court has denied certification to appeal. *Ajadi* involved a claim of plain error that called into question the fairness and impartiality of the entire habeas trial—including the denial of the petitioner's petition for certification to appeal—because of the prior history of the habeas judge who presided over the trial. Furthermore, the petitioner in *Ajadi* did not become aware of the issue underlying the claim of plain error until after the habeas proceedings had concluded. In the present case, the ruling underlying the claim of plain error occurred during the habeas trial and the ruling at issue did not implicate the fairness and impartiality of the entire proceeding. The facts of the present case are thus distinguishable from the extraordinary circumstances present in *Ajadi*, and I am not convinced that they compel this court to depart from its prescribed level of review.

Section § 52-470 (g) was enacted to restrict appellate review in cases in which the habeas judge has denied certification to appeal. Absent the type of extraordinary circumstances present in *Ajadi*, I interpret our decisional law as restricting the scope of appellate review to an examination of the court's denial of the petition for certification to appeal. Engaging in a plain error analysis of claims never raised in connection with a petition for certification to appeal expands the scope of review and thwarts the goals that the legislature sought to achieve by enacting § 52-470 (g). Furthermore, engaging in such review invites petitioners, who have been denied certification to appeal, to circumvent the bounds of limited review simply by couching wholly unpreserved claims as plain error. Accordingly, I

respectfully disagree with the majority's analysis, but concur in the dismissal of the petitioner's appeal.

[1] The plain error doctrine, codified in Practice Book § 60-5, "is not . . . a rule of reviewability . . . [but] a rule of reversibility. That is, it is a doctrine that [appellate courts invoke] in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy." *State* v. *Cobb*, 251 Conn. 285, 343 n.34, 743 A.2d 1 (1999), cert. denied, 531 U.S. 841, 121 S. Ct. 106, 148 L. Ed. 2d 64 (2000).

[2] "We are mindful of our habeas jurisprudence that, following the granting of a petition for certification to appeal, at least in the absence of demonstrable prejudice, the legislature did not intend the terms of the habeas court's grant of certification to be a limitation on the specific issues subject to appellate review." (Internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, supra, 125 Conn. App. 752–53 n.7.